```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
                                      :
UNITED STATES OF AMERICA              :
                                      :       CONSENT PRELIMINARY
           - v. -                     :       ORDER OF FORFEITURE
                                      :       AS TO SPECIFIC PROPERTY/
RICHARD CASTRO,                       :       MONEY JUDGMENT
     a/k/a "Chemsusa,"                :
     a/k/a "Chems_usa,"               :
     a/k/a "Chemical_usa,"            :       19 Cr. 193 (DLC)
     a/k/a "Jagger109,"               :
                                      :
                       Defendant.     :
                                      :
------------------------------------ x
```

WHEREAS, on or about March 19, 2019, RICHARD CASTRO, a/k/a "Chemsusa," a/k/a "Chems_usa," a/k/a "Chemical_usa," a/k/a "Jagger109" (the "Defendant") was charged in a four-count Indictment, 19 Cr. 193 (DLC) (the "Indictment"), with conspiracy to distribute and possess with an intent to distribute (i) 100 grams and more of mixtures and substances containing a detectable amount of carfentanil, an analogue of fentanyl, (ii) 100 grams and more of mixtures and substances containing a detectable amount of phenyl fentanyl, an analogue of fentanyl; and (iii) 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and 846 (Count One); delivering, distributing, and dispensing controlled substances by means of the Internet, in violation of Title 21, United States Code, Sections 841(b)(1)(A) and (h) (Count Two); money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2 (Count Three); and possession of a firearm in furtherance of a narcotics trafficking conspiracy, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Two of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained;

WHEREAS, the Indictment included another forfeiture allegation as to Count Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Three of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Indictment;

WHEREAS, on or about March 12, 2019, the Government seized all funds or currency from the following Bitcoin wallet addresses:

a. 13wTFHfk6h865nAmyXv67DhgrPyMtg6fiLr
b. 16q3SKkeCwYjEETSaHnzMtbA6UCkX46KUc
c. 14X2EELm71TUQbrmyzdS6Wn2LynxMpMN1B
d. 1HNhLELS3QLfpgksVsvgLH5pT1XZ5g4kL1
e. 19yXVaFj7i767jxX2FN16kbYTpSnytfVH
f. 1LojeaQBBsxmAdDfog2ZG9GVfHBE6hL1HR
g. f759d2c3-0bc5-42f1-93be-2c2796b52e27

(collectively, the "Specific Property");

WHEREAS, on or about _July 25_, 2019, the Defendant pled guilty to Counts One and Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Three of the Indictment and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982(a)(1): (i) a sum of money equal to $4,156,198.18 in United States currency, representing the proceeds traceable to the commission of the offense alleged in Count One of the Indictment and the amount of property involved in the offense alleged in Count Three; and (ii) all right, title, and interest of the Defendant in the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $4,156,198.18 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count One of the Indictment and the property involved in the offense charged in Count Three of the Indictment;

WHEREAS, the Defendant further consents to the forfeiture of all of his right, title and interest in the Specific Property, which constitutes proceeds traceable to the commission of the offense charged in Count One of the Indictment and property involved in the offense charged in Count Three of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment and the property involved in the offense charged in Count Three of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now

entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys, Michael D. Neff, Aline R. Flodr, and Ryan B. Finkel of counsel, and the Defendant, and his counsel, Mark J. O'Brien, Esq. and Peter E. Quijano, Esq., that:

1. As a result of the offenses charged in Counts One and Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $4,156,198.18 in United States currency (the "Money Judgment"), representing the proceeds traceable to the commission of the offense charged in Count One of the Indictment and the property involved in the offense charged in Count Three of the Indictment, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One and Three of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, RICHARD CASTRO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn:

Money Laundering and Transnational Criminal Enterprises Unit, One Saint Andrews Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Asset Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government Internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the Internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government Internet website, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's charged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

12. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

13. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One Saint Andrews Plaza, New York, New York 10007.

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _[signature]_     6/19/2019
Michael D. Neff/Aline R. Flodr/Ryan B. Finkel     DATE
Assistant United States Attorneys
One Saint Andrews Plaza
New York, NY 10007
(212) 637- 2107/1110/6612

RICHARD CASTRO

By: _[signature]_     7-12-19
RICHARD CASTRO     DATE

By: _[signature]_     7-12-19
Mark J. O'Brien, Esq.     DATE
Peter E. Quijano, Esq.
Attorneys for Richard Castro

SO ORDERED:

_[signature]_     July 25, 2019
THE HONORABLE DENISE L. COTE     DATE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK