```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
   UNITED STATES OF AMERICA,            :
                                        :          19cr193 (DLC)
                -v-                     :
                                        :              ORDER
   RICHARD CASTRO,                      :
                                        :
                        Defendant.      :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On October 8, 2020, the defendant Richard Castro ("Castro") was sentenced principally to a term of imprisonment of 210 months. He filed an appeal of his conviction on October 19. The appeal was dismissed on January 12, 2022. In the period from November 15, 2022 to October 2, 2023, Castro sent the following to the Court:

- Three letters filed on November 15, 2022;
- One letter filed on December 8, 2022;
- One letter filed on January 27, 2023;
- One letter filed on February 24, 2023;
- One letter filed on February 27, 2023;
- Two letters filed on August 15, 2023; and
- One letter filed on October 2, 2023.

In the most recent of these ten letters, there appears to be a reference to the defendant's right to habeas corpus.

Accordingly, the defendant is advised that "federal prisoners who seek to collaterally attack the basis for imposing a sentence -- including by challenging the underlying conviction -- must move to vacate, set aside or correct the sentence under 28 U.S.C. § 2255(a)." Dhinsa v. Krueger, 917 F.3d 70, 80-81 (2d Cir. 2019) (citation omitted). Section 2255 includes a gate-keeping provision that limits the filing of second or successive § 2255 motions. 28 U.S.C. § 2255(h). A second challenge may only be brought "if it relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." Banister v. Davis, 140 S.Ct. 1698, 1704 (2020).

The defendant is advised that 28 U.S.C. § 2255 also imposes a "1-year period of limitation" on the filing of a petition under that section. 28 U.S.C. § 2255(f)(1). The one-year period of limitation begins to run, as relevant to this motion, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(a). Direct review is deemed complete upon the expiration of the 90-day period in which any petition for writ of certiorari to the U.S. Supreme Court may be filed. Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). Judgment of the defendant's conviction became final on April 12, 2022.

A petitioner may secure equitable tolling of the limitations period for filing a federal habeas petition only in "rare and exceptional circumstances." Clemente v. Lee, 72 F.4th 466, 478 (2d Cir. 2023) (citation omitted). To benefit from equitable tolling, the petitioner must establish that: (a) extraordinary circumstances prevented him from filing a timely petition, and (b) he has been pursuing his rights diligently. Doe v. United States, 76 F.4th 64, 71 (2d Cir. 2023); Holland v. Florida, 560 U.S. 631, 649 (2010). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Doe, 76 F.4th at 73 (citation omitted). The party seeking equitable tolling "is required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled." Smalls v. Collins, 10 F.4th 117, 145 (2d Cir. 2021) (citation omitted). "This showing cannot be made if the party, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Id. (citation omitted). Accordingly, it is hereby

ORDERED that, should the defendant wish to file a § 2255 petition, he should make a submission to the Court by **December 15, 2023,** demonstrating that he has acted diligently and that there were extraordinary circumstances that prevented him from timely filing his § 2255 petition. Any such submission should include every ground upon which he seeks to challenge his

3

conviction. In the event that the defendant seeks to file a § 2255 petition and fails to show that equitable tolling is appropriate, the § 2255 petition shall be dismissed as time-barred.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Castro a copy of this Order and note mailing on the docket.

Dated:   New York, New York
         October 12, 2023

                                            _____
                                                    DENISE COTE
                                            United States District Judge